UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARK FISHER and
CHRISTOPHER HOBBS,

    Plaintiffs,

v.

SOUTH FLORIDA EVENTS, LLC,
DESTINATION EVENTS FLORIDA LLC,
AMY PESKIN, SCOTT PESKIN, and
BERNIE PEDOWITZ,

    Defendants.
_____/

# C O M P L A I N T

Plaintiffs, MARK FISHER and CHRISTOPHER HOBBS, by and through the undersigned counsel, Todd W. Shulby, P.A., sue the Defendants, SOUTH FLORIDA EVENTS, LLC, DESTINATION EVENTS FLORIDA LLC, AMY PESKIN, SCOTT PESKIN, and BERNIE PEDOWITZ, and allege as follows:

1. Plaintiffs bring this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiffs have been citizens and residents of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, SOUTH FLORIDA EVENTS, LLC, was Plaintiffs'

employer as defined by law and a corporation conducting business in this judicial district.

6. At all times material hereto SOUTH FLORIDA EVENTS, LLC, had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, SOUTH FLORIDA EVENTS, LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

8. At all times material hereto, DESTINATION EVENTS FLORIDA LLC, was Plaintiffs' employer as defined by law and a corporation conducting business in this judicial district.

9. At all times material hereto, DESTINATION EVENTS FLORIDA LLC, had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person. 29 U.S.C. §203.

10. At all times material hereto, DESTINATION EVENTS FLORIDA LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

11. At all times material hereto, AMY PESKIN, was Plaintiffs' employer as defined by law. AMY PESKIN had operational control over SOUTH FLORIDA EVENTS, LLC and DESTINATION EVENTS FLORIDA LLC and was directly involved in decisions affecting employee compensation and hours worked by employees. Moreover, AMY PESKIN controlled the finances for SOUTH FLORIDA EVENTS, LLC and DESTINATION EVENTS FLORIDA LLC.

12. At all times material hereto, SCOTT PESKIN, was Plaintiffs' employer as defined by law. SCOTT PESKIN had operational control over SOUTH FLORIDA EVENTS, LLC and DESTINATION EVENTS FLORIDA LLC and was directly involved in decisions affecting employee compensation and hours worked by employees. Moreover, SCOTT PESKIN controlled the finances

for SOUTH FLORIDA EVENTS, LLC and DESTINATION EVENTS FLORIDA LLC.

13. At all times material hereto, BERNIE PEDOWITZ, was Plaintiffs' employer as defined by law. SCOTT PESKIN had operational control over SOUTH FLORIDA EVENTS, LLC and DESTINATION EVENTS FLORIDA LLC and was directly involved in decisions affecting employee compensation and hours worked by employees. Moreover, BERNIE PEDOWITZ controlled the finances for SOUTH FLORIDA EVENTS, LLC and DESTINATION EVENTS FLORIDA LLC.

14. At all times material hereto, Plaintiffs were individually engaged in interstate commerce while working for Defendants.

## COUNT I: FLSA RECOVERY OF OVERTIME WAGES
## MARK FISHER v. ALL DEFENDANTS

15. Plaintiff MARK FISHER incorporates by reference the allegations contained in paragraphs 1 through 13 above.

16. Plaintiff MARK FISHER worked for Defendants from approximately October 2014 to January 2019, then again from December 2019 to February 2020.

17. Plaintiff MARK FISHER worked for Defendants as a sous chef.

18. Plaintiff's primary duties and responsibilities included cooking and preparing meals.

19. Plaintiff MARK FISHER was paid at a rate of $1,000 per week in 2017, $1,100 per week in 2018, and $1,000 per week in 2019.

20. Plaintiff MARK FISHER was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

21. During one or more workweeks, Defendants did not pay Plaintiff MARK FISHER time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

22. Defendants knew or should have known of the unpaid and/or underpaid overtime hours

worked.

23. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

24. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

25. Plaintiff MARK FISHER is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff MARK FISHER hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## COUNT II: FLSA RECOVERY OF OVERTIME WAGES
## CHRISTOPHER HOBBS v. ALL DEFENDANTS

26. Plaintiff CHRISTOPHER HOBBS incorporates by reference the allegations contained in paragraphs 1 through 13 above.

27. Plaintiff CHRISTOPHER HOBBS worked for Defendants from approximately December 2018 to February 2020.

28. Plaintiff CHRISTOPHER HOBBS worked for Defendants as a sous chef.

29. Plaintiff's primary duties and responsibilities included cooking and preparing meals.

30. Plaintiff CHRISTOPHER HOBBS was paid at a rate of $14.00 per hour from December 20, 2018 until January 8, 2019, $600 per week from January 9, 2018 until March 14, 2019, $750 per week from March 15, 2019 until June 27, 2019, $800 per week from June 28, 2019 until October 24, 2019, and $950 per week from October 25, 2019 to February 8, 2020.

31. Plaintiff CHRISTOPHER HOBBS was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

32. During one or more workweeks, Defendants did not pay Plaintiff CHRISTOPHER

HOBBS time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

33. Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

34. Plaintiff CHRISTOPHER HOBBS was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

35. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff CHRISTOPHER HOBBS has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

36. Plaintiff CHRISTOPHER HOBBS is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff CHRISTOPHER HOBBS hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

### COUNT III: FLSA RECOVERY OF OVERTIME WAGES
### COLLECTIVE ACTION COUNT

37. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 13 above.

38. Plaintiff MARK FISHER worked for Defendants from approximately October 2014 to January 2019, then again from December 2019 to February 2020.

39. Plaintiff CHRISTOPHER HOBBS worked for Defendants from approximately December 2018 to February 2020.

40. Plaintiffs worked for Defendants as sous chefs.

41. Plaintiffs' primary duties and responsibilities included cooking and preparing meals.

5

42. Plaintiff MARK FISHER was paid at a rate of $1,000 per week in 2017, $1,100 per week in 2018, and $1,000 per week in 2019.

43. Plaintiff CHRISTOPHER HOBBS was paid at a rate of $14.00 per hour from December 20, 2018 until January 8, 2019, $600 per week from January 9, 2018 until March 14, 2019, $750 per week from March 15, 2019 until June 27, 2019, $800 per week from June 28, 2019 until October 24, 2019, and $950 per week from October 25, 2019 to February 8, 2020.

44. Plaintiffs were entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

45. During one or more workweeks, Defendants did not pay Plaintiffs time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

46. Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

47. Other employees of Defendants, who were employed in the same or similar capacity as Plaintiffs, and who performed the same or similar job duties and responsibilities as Plaintiffs, also were not paid time and one half their regular rate of pay for overtime hours worked in one or more workweeks by Defendants.

48. Plaintiffs, and other similarly situated employees, were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

49. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiffs, and others similarly situated, has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

50. Plaintiffs, and the others similarly situated, are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiffs, on behalf of Plaintiff and others similarly situated, hereby demand

judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demand a trial by jury for all issues so triable.

COUNT IV – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2014<br>MARK FISHER v. ALL DEFENDANTS

51. Plaintiff MARK FISHER incorporates by reference the allegations contained in paragraphs 1 through 13 above.

52. Plaintiff performed worked for Defendants during calendar year 2014.

53. Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

54. Defendants paid Plaintiff and so are directly responsible for the issuance of payments to Plaintiff, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2s to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on behalf of the corporate Defendants.

55. Defendants paid Plaintiff as an independent contractor in order to unlawfully avoid paying taxes and erroneously filed with the IRS a form 1099 for Plaintiff in 2013.

56. Defendants willfully and intentionally served/filed/provided Plaintiff and the IRS with a fraudulent and/or false information return for calendar year 2013 by issuing Plaintiff and the IRS a form 1099 rather than a W-2.

57. Plaintiff suffered damages as a result of Defendants' willful provision of false information return in 2014 caused by Defendants' intentional and willful acts as described above.

58. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

(a) In general if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) Damages In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff MARK FISHER demands the entry of a judgment in his favor and against Defendants, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2014 as set forth above;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

### COUNT V – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2015
### MARK FISHER v. ALL DEFENDANTS

59. Plaintiff MARK FISHER incorporates by reference the allegations contained in paragraphs 1 through 13 above.

60. Plaintiff performed worked for Defendants during calendar year 2015.

8

61. Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

62. Defendants paid Plaintiff and so are directly responsible for the issuance of payments to Plaintiff, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2s to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on behalf of the corporate Defendants.

63. Defendants paid Plaintiff as an independent contractor in order to unlawfully avoid paying taxes and erroneously filed with the IRS a form 1099 for Plaintiff in 2013.

64. Defendants willfully and intentionally served/filed/provided Plaintiff and the IRS with a fraudulent and/or false information return for calendar year 2013 by issuing Plaintiff and the IRS a form 1099 rather than a W-2.

65. Plaintiff suffered damages as a result of Defendants' willful provision of false information return in 2015 caused by Defendants' intentional and willful acts as described above.

66. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

(a) In general if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) Damages In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff MARK FISHER demands the entry of a judgment in his favor and against Defendants, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2015 as set forth above;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

## COUNT VI – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2016
## MARK FISHER v. ALL DEFENDANTS

67. Plaintiff MARK FISHER incorporates by reference the allegations contained in paragraphs 1 through 13 above.

68. Plaintiff performed worked for Defendants during calendar year 2016.

69. Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

70. Defendants paid Plaintiff and so are directly responsible for the issuance of payments to Plaintiff, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2s to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on behalf of the corporate Defendants.

71. Defendants paid Plaintiff as an independent contractor in order to unlawfully avoid paying taxes and erroneously filed with the IRS a form 1099 for Plaintiff in 2013.

72. Defendants willfully and intentionally served/filed/provided Plaintiff and the IRS with a fraudulent and/or false information return for calendar year 2013 by issuing Plaintiff and the IRS a form 1099 rather than a W-2.

73. Plaintiff suffered damages as a result of Defendants' willful provision of false information return in 2016 caused by Defendants' intentional and willful acts as described above.

74. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

(a) In general if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) Damages In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff MARK FISHER demands the entry of a judgment in his favor and against Defendants, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2016 as set forth above;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

## COUNT VII – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2017
## MARK FISHER v. ALL DEFENDANTS

75. Plaintiff MARK FISHER incorporates by reference the allegations contained in paragraphs 1 through 13 above.

76. Plaintiff performed worked for Defendants during calendar year 2017.

77. Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

78. Defendants paid Plaintiff and so are directly responsible for the issuance of payments to Plaintiff, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2s to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on behalf of the corporate Defendants.

79. Defendants paid Plaintiff as an independent contractor in order to unlawfully avoid paying taxes and erroneously filed with the IRS a form 1099 for Plaintiff in 2013.

80. Defendants willfully and intentionally served/filed/provided Plaintiff and the IRS with a fraudulent and/or false information return for calendar year 2013 by issuing Plaintiff and the IRS a form 1099 rather than a W-2.

81. Plaintiff suffered damages as a result of Defendants' willful provision of false information return in 2017 caused by Defendants' intentional and willful acts as described above.

82. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

(a) In general if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) Damages In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff MARK FISHER demands the entry of a judgment in his favor and against Defendants, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2017 as set forth above;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

### COUNT VII – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2018
### MARK FISHER v. ALL DEFENDANTS

83. Plaintiff MARK FISHER incorporates by reference the allegations contained in paragraphs 1 through 13 above.

84. Plaintiff performed worked for Defendants during calendar year 2018.

85. Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

86. Defendants paid Plaintiff and so are directly responsible for the issuance of payments to Plaintiff, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2s to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on behalf of the corporate Defendants.

87. Defendants paid Plaintiff as an independent contractor in order to unlawfully avoid paying taxes and erroneously filed with the IRS a form 1099 for Plaintiff in 2013.

88. Defendants willfully and intentionally served/filed/provided Plaintiff and the IRS with a fraudulent and/or false information return for calendar year 2013 by issuing Plaintiff and the IRS a form 1099 rather than a W-2.

89. Plaintiff suffered damages as a result of Defendants' willful provision of false information return in 2018 caused by Defendants' intentional and willful acts as described above.

90. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

(a) In general if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) Damages In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff MARK FISHER demands the entry of a judgment in his favor and against Defendants, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2018 as set forth above;

    b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

    c. That Plaintiff recover all interest allowed by law; and

    d. Such other and further relief as the Court deems just and proper.

## COUNT IX – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2018
## CHRISTOPHER HOBBS v. ALL DEFENDANTS

91. Plaintiff CHRISTOPHER HOBBS incorporates by reference the allegations contained in paragraphs 1 through 13 above.

92. Plaintiff performed worked for Defendants during calendar year 2018.

93. Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

94. Defendants paid Plaintiff and so are directly responsible for the issuance of payments to Plaintiff, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2s to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on behalf of the corporate Defendants.

95. Defendants paid Plaintiff as an independent contractor in order to unlawfully avoid paying taxes and erroneously filed with the IRS a form 1099 for Plaintiff in 2013.

96. Defendants willfully and intentionally served/filed/provided Plaintiff and the IRS with a fraudulent and/or false information return for calendar year 2013 by issuing Plaintiff and the IRS a form 1099 rather than a W-2.

97. Plaintiff suffered damages as a result of Defendants' willful provision of false information return in 2018 caused by Defendants' intentional and willful acts as described above.

98. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

(a) In general if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) Damages In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff CHRISTOPHER HOBBS demands the entry of a judgment in his favor and against Defendants, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2018 as set forth above;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

NOTICE OF CONSENT TO JOIN

WE, MARK FISHER AND CHRISTOPHER HOBBS, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiffs in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. We further declare that the foregoing allegations are true and correct to the best of our knowledge and belief.

_____
MARK FISHER, as Plaintiff

3/17/2020
DATE

_____
CHRISTOPHER HOBBS, as Plaintiff

_____
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail:
Counsel for Plaintiffs

By: /s/ Todd W. Shulby, Esq.
Todd W. Shulby, Esq.
Florida Bar No.: 068365

d. Such other and further relief as the Court deems just and proper.

TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues so triable.

NOTICE OF CONSENT TO JOIN

WE, MARK FISHER AND CHRISTOPHER HOBBS, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiffs in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. We further declare that the foregoing allegations are true and correct to the best of our knowledge and belief.

_____
MARK FISHER, as Plaintiff

_____
DATE

*/s/ Christopher Hobbs*

_____
CHRISTOPHER HOBBS, as Plaintiff

3/18/2020
_____
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiffs

By: */s/Todd W. Shulby, Esq.*
      Todd W. Shulby, Esq.
      Florida Bar No.: 068365